FILED

2007 OCT -3 PM 3: 34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ da _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX DIETMAR BOLIVAR RODRIGUEZ-CAMPOVERDE,<br><br>  Petitioner,<br><br>  v.<br><br>ALBERTO GONZALES, Attorney General, et al.,<br><br>  Respondents. | CASE NO. 07-CV-1081 W (BLM)<br><br>**ORDER DENYING WRIT OF HABEAS CORPUS** |

Petitioner Alex Dietmar Bolivar Rodriguez-Campoverde ("Petitioner"), proceeding pro se, brings this writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by Respondent Alberto Gonzales ("Respondent"). Respondent opposes. The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1(d)(1). For the following reasons, the Court **DENIES** Petitioner's habeas petition.

//
//

## I. BACKGROUND

Petitioner is a citizen of Ecuador. On November 27, 1979, Petitioner entered the United States as an immigrant.

On August 22, 1989, Petitioner was convicted of violating California Health and Safety Code § 11350(a) (possession of cocaine), and sentenced to sixteen months in prison. After his release, on August 19, 2002, Petitioner was convicted of violating California Penal Code § 314(1), indecent exposure with a prior conviction of California Penal Code § 288(a) (committing any lewd or lascivious act upon or with the body of a child under the age of 14). Petitioner was sentenced to four years in prison.

As a result of his convictions, on October 18, 2005, Immigration and Customs Enforcement initiated removal proceedings against Petitioner. He was charged with deportability under the following statutes: 8 U.S.C. § 1227(a)(2)(A)(ii) as an alien convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct; 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony; 8 U.S.C. § 1227(a)(2)(E)(I) as an alien convicted of a crime of child abuse; and 8 U.S.C. § 1227(a)(2)(B)(I) as an alien convicted of a violation of a controlled substance law or regulation. Based on his convictions, the Department of Homeland Security held Petitioner under mandatory detention under 8 U.S.C. § 1226(c) pending removal proceedings.

On July 6, 2006, an Immigration Judge found Petitioner removable and denied his request for relief from removal. (Gov.'s Return, Ex. B at p.7.[1]) Petitioner appealed. On October 19, 2006, the Board of Immigration Appeals ("BIA") upheld the IJ's decision. (Id., Ex. C at p.2.)

//
//

---

[1] The Court takes judicial notice of court records attached to the Government's Return, and Notice of Supplemental Authority. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).

1    On November 8, 2006, Petitioner appealed the BIA's decision to the Ninth Circuit. (Gov.'s Return, Ex. D at p.1.) Approximately two weeks later, Petitioner filed a motion for a stay of deportation. (Id., at p.4.)

   On May 11, 2007, the Ninth Circuit denied Petitioner's motion for a stay of deportation. (Gov.'s Return, Ex. D at p.5.) Then on August 27, 2007, the Ninth Circuit dismissed Petitioner's appeal for lack of jurisdiction, and denied all "other pending motions . . . as moot." (Notice of Supp. Authority, p.1.)

   Meanwhile, on June 13, 2007, Petitioner commenced this habeas corpus proceeding. Petitioner challenges his continued detention by Respondent.

## II. DISCUSSION

   Pursuant to federal law, certain categories of removable aliens, including those who have criminal convictions mandating their removal, may be detained for longer than the ninety-day statutory removal period. 8 U.S.C. §1231(a)(6). Continued detention, however, is subject to due process limitations.

   In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court evaluated whether post-removal detention under section 1231(a)(6) was limited to a reasonable period or could be indefinite. Because a statute "permitting indefinite detention of an alien would raise a serious constitutional problem," the Court held that post-removal detention under section 1231(a)(6) is presumptively reasonable for 180 days. Id. at 690, 701. Thereafter, if the "alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701.

   Petitioner argues that his 22-month detention is unlawful. The Court is not persuaded for two reasons.

   First, although Petitioner has been in custody for 22 months, his post-removal detention period has been far shorter. Petitioner's removal order did not become final until October 19, 2006, when the BIA dismissed his appeal. On November 27, 2006,

the removal order was then stayed when Petitioner filed the motion for a stay of deportation. See Ninth Circuit General Order 6.4(c)(1) ("Upon the filing of a motion or request for stay of removal or deportation, the order of removal or deportation is temporarily stayed until further order of the court."). Because the removal order did not become effective until May 11, 2007 – when the Ninth Circuit denied the motion to stay – Petitioner's 6-month post-removal period has not expired. Petitioner's detention is, therefore, not unlawful.

Second, under Zadvydas, in order to prevail in this proceeding, Petitioner would have to "provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. . . ." Id. 533 U.S. at 701. Petitioner has failed to satisfy this burden. Accordingly, for this additional reason, habeas relief is not warranted.

### III. CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's § 2241 writ of habeas corpus. (Doc. No. 1). The Clerk of the Court shall close the district court file.

**IT IS SO ORDERED.**

DATE: October 3, 2007

HON. THOMAS J. WHELAN
United States District Court
Southern District of California